UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ARRAY BIOPHARMA, INC.,

                Plaintiff,                      18-cv-235 (PKC)

   -against-

                                         OPINION AND ORDER

ASTRAZENECA PLC,

                Defendant.
-----------------------------------------------------------x
-----------------------------------------------------------x
ARRAY BIOPHARMA, INC.,

                Plaintiff,                      18-cv-2445 (PKC)

   -against-

ASTRAZENECA AB,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       The first captioned action (the "PLC Action") was commenced in Supreme Court of the State of New York, New York County and timely removed to this Court based upon diversity of citizenship and an amount in controversy in excess of the jurisdictional threshold. 28 U.S.C. §§ 1332, 1441. Array BioPharma, Inc. ("Array") is a Delaware corporation with its principal place of business in Colorado. AstraZeneca PLC is a public limited company organized under the laws of England and Wales with its principal place of business in Cambridge, U.K. The amount in controversy is at least $192,000,000.

       Subsequent to the filing of the PLC Action, Array filed a virtually mirror-image complaint in Supreme Court of the State of New York, New York County against AstraZeneca

AB. That action (the "AB Action"), was timely removed to this Court based upon diversity of citizenship and amount in controversy, 28 U.S.C. §§ 1332, 1441, and assigned to the undersigned as a related case. AstraZeneca AB, defendant in the AB Action, is an entity organized under the laws of Sweden with its principal place of business in Södertälje, Sweden. The amount in controversy in the AB Action is at least $192,000,000.

Array now moves to remand the PLC Action and the AB Action. The removing defendant bears the burden of showing the propriety of federal jurisdiction. See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). The Court resolves doubts against removability. In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007).

Array's motions are based upon a forum selection clause in a Collaboration and Licensing Agreement (the "Agreement" (PLC Action, Dkt. 1 Ex. A to Ex. A; AB Action, Dkt. 1 Ex. A to Ex. C)) that is the subject of a breach of contract claim in both actions. The Agreement provides unambiguously that "the courts of the State of New York" are the "exclusive jurisdiction" for resolving any disputes arising from the Agreement.[1] (Agreement § 12.3). It expresses a perfectly rational decision to favor one experienced and sophisticated judicial system to hear any dispute to the exclusion of others, including the federal judicial system. The Agreement, however, is between Array and AstraZeneca AB. AstraZeneca PLC is not a party to the Agreement.

---

[1] The full text of the provision reads as follows:

> Subject to Section 12.2, this Agreement and any dispute arising from the performance or breach hereof shall be governed by and construed and enforced in accordance with the laws of the State of New York, U.S.A. without reference to conflicts of laws principles and the Parties hereby submit to the exclusive jurisdiction of the courts of the State of New York.

(Agreement § 12.3).

THE PLC ACTION.

Under New York law, the general rule is that a forum selection clause may not be enforced against a non-signatory parent corporation solely by virtue of its status as parent corporation.[2] Tate & Lyle Ingredients Ams., Inc. v. Whitefox Techs. USA, Inc., 98 A.D.3d 401, 401 (1st Dep't 2012); see Dean St. Capital Advisors, LLC v. Otoka Energy Corp., No. 15 cv 824 (RJS), 2016 WL 413124, at *3 (S.D.N.Y. Feb. 1, 2016) (Sullivan, J.). It is not disputed that New York law recognizes exceptions to this general rule, such as when the non-signatory (i) is a successor in interest to the original signatory, see Aguas Lenders Recovery Grp. LLC v. Suez, S.A., 585 F.3d 696, 701–02 (2d Cir. 2009), or (ii) is "closely related" to the dispute and the signatory, such that it was foreseeable that it would be bound, see Tate & Lyle, 98 A.D.3d at 401–02; cf. Magi XXI, Inc. v. Stato della Citta del Vaticano, 714 F.3d 714, 722–23 (2d Cir. 2013).

Here, AstraZeneca PLC has established that it is not the successor of AstraZeneca AB with regard to the businesses alleged in the PLC Action complaint. Put simply, AstraZeneca PLC and AstraZeneca AB have separate existences. AstraZeneca PLC held ownership interests in 187 subsidiaries as of year-end 2016 and does not license, manufacture, or distribute any pharmaceutical products. (Jackson-Turner Decl. ¶¶ 3–4). It has never merged with or assumed any liabilities or obligations of Astra Zeneca AB, but rather remains its ultimate, indirect parent. (Id. ¶¶ 9–10). Array's conclusory allegations that AstraZeneca PLC is a successor to AstraZeneca AB do not defeat AstraZeneca PLC's showing. Moreover, Array acknowledged in the AB Action that AstraZeneca PLC is the indirect corporate parent of AstraZeneca AB. (AB Action Compl. ¶ 23).

---

[2] Neither side challenges the applicability of New York law. The Court will apply it. (Agreement § 12.3).

There remains the question of whether AstraZeneca PLC is "closely associated" with the dispute arising from the Agreement and with AstraZeneca AB. AstraZeneca PLC's board of directors approved the collaboration with Merck & Co., Inc. ("Merck"), which included a sublicense to Merck under the Agreement between AstraZeneca AB and Array. (Jackson-Turner Decl. ¶ 8). The Merck collaboration lies at the heart of the PLC Action complaint. (PLC Action Compl. ¶¶ 42–53). AstraZeneca PLC issued a press release regarding the Merck collaboration that AstraZeneca PLC incorporated in a Form 6-K filing. (Hemr Decl. Exs. 1 & 2). The press release drew no distinction between AstraZeneca AB and AstraZeneca PLC. AstraZeneca PLC closely associated itself with AstraZeneca AB not merely based upon ownership, but through its involvement in approving the Merck collaboration and in making public announcements regarding the Merck collaboration that make no effort to distinguish its role from that of its subsidiary. Because of its role in approving and announcing the Merck collaboration, AstraZeneca PLC is closely associated with the "dispute" as it is defined in the PLC Action complaint. It became foreseeable to AstraZeneca PLC, as a result of its own voluntary actions, that any dispute with Array over any licensing fees due to Array by reason of the Merck collaboration would implicate the Agreement, which vests exclusive jurisdiction in the "the courts of the State of New York." (Agreement § 12.3).

THE AB ACTION.

Array has also moved to remand the AB Action. The basis for the motion is straightforward. AstraZeneca AB is a signatory to the Agreement with Array in which it submitted to the exclusive jurisdiction of the New York state courts for any dispute arising from the performance or breach of the Agreement.

AstraZeneca AB asserts that remand should be denied because the AB Action is a backdoor means of amending the PLC Action and, under its theory, remand of the PLC Action ought to be denied. The fact that plaintiff could have amended the PLC action to add AstraZeneca AB is of no significance. Plaintiff had the right to proceed as it did.

AstraZeneca AB also asserts that this Court should exercise either supplemental jurisdiction or ancillary jurisdiction over the AB Action. Because the PLC Action will be remanded, there will be no case in this Court that could serve as a basis for the Court's exercise of supplemental or ancillary jurisdiction, even if AstraZeneca AB's theories were otherwise correct.

CONCLUSION.

Plaintiff's motion to remand in 18 cv 235 (PKC) (Dkt. 12) is GRANTED. Defendant's motion in 18 cv 235 (PKC) (Dkt. 24) for oral argument is DENIED as moot.

Plaintiff's motion to remand in 18 cv 2445 (PKC) (Dkt. 14) is GRANTED. Defendant's motion in 18 cv 2445 (PKC) (Dkt. 19) for oral argument is DENIED as moot.

The Court has considered plaintiff's request for supplemental submissions on sanctions and the Court concludes, based upon a review of the defendants' submissions informed by plaintiff's submissions, that the positions taken by the defendants in the two actions were asserted in good faith based upon either existing law or for establishing new law. Plaintiff's application is DENIED.

The Clerk is directed to remand Array BioPharma, Inc. v. AstraZeneca PLC, 18 cv 235 (PKC), and Array BioPharma, Inc. v. AstraZeneca AB, 18 cv 2445 (PKC), to the Supreme Court of the State of New York, New York County, from which they were removed and to close the case in this Court.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 9, 2018